**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| | ) |
| **ANDREW JOSEPH SMITH,** | ) |
|     *Plaintiff,* | ) |
| | ) |
| **v.** | )     **C.A. No. 1:18-cv-00020-WES-LDA** |
| | ) |
| **ALAN R. GOULART** | ) |
|     *Defendant.* | ) |
| | ) |

**DEFENDANT R.I. TRAFFIC TRIBUNAL MAGISTRATE ALAN GOULART'S
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

Rhode Island Traffic Tribunal Magistrate Alan Goulart (hereinafter "Magistrate Goulart" or "Defendant"), submits this Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Additionally, Magistrate Goulart asserts that the Complaint should be dismissed based on immunity, lack of subject-matter jurisdiction and procedural deficiencies.   Plaintiff's complaint is time barred.

Plaintiff Andrew Joseph Smith (hereinafter "Smith") claims that Magistrate Goulart "impersonated a judge" and is responsible for "gross, willful and wanton acts of negligence" for signing a search warrant for Smith's residence and person; Smith contends this judicial act led to violations of his constitutional rights.  Document ("Doc.") 1 at ¶¶ 2-3, 6.  Judicial immunity and quasi-judicial immunity shield Magistrate Goulart from any alleged liability connected to the issuance of the search warrant.  In addition to immunity, there are multiple bases that compel

dismissal of Smith's Complaint; (1) bar by the controlling statute of limitations; (2) authority and jurisdiction to issue the search warrant; (3) post-conviction relief for a conviction that is currently under appeal; (4) abstention under the *Rooker-Feldman* doctrine; (5) the Court's limited jurisdiction to crimes exclusively defined by Congress; (5) the Eleventh Amendment and (6) insufficiency of service of process.

## II.   FACTUAL BACKGROUND

Although it is unclear from the Complaint, Smith appears to bring claims of negligence, "impersonating a judge" and civil rights violations. Doc. 1 at ¶¶ 2-3, 6. Smith's allegations stem from a warrant signed by Magistrate Goulart on October 16, 2014, while he was assigned to sit as Rhode Island District Court Magistrate. Doc. 1 at ¶¶ 2-3; *See* Exhibit A: Assignment of Rhode Island Supreme Court Chief Justice Paul A. Suttell.[1] This warrant permitted the search of Smith's residence and person. Doc. 1, Ex. 6. Smith alleges that Magistrate Goulart did not have the authority to issue the search warrant, that he "impersonated a judge," and that his actions "constituted gross, willful and wanton acts of negligence." Doc. 1 at ¶ 2. Smith further alleges that the issuance of the search warrant led to violations of his Fourth, Fifth and Fourteenth Amendment rights. Doc. 1 at ¶¶ 2-3, 6.

On November 9, 2017, a jury convicted Smith of one count of possession of child pornography. Doc. 1 at ¶ 6; *See* Exhibit B: Judgment of Conviction and Commitment. Plaintiff

---

[1] This Court may consider matters of public record without being required to convert a motion to dismiss to a motion for summary judgment. *In Re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 19 (1st Cir. 2003); *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir.) *cert. denied* 531 U.S. 904 (2000). Additionally, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000)(allows a court reviewing a 12(b)(6) Motion to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice.").

appealed his conviction on January 18, 2018.[2]  *See* Exhibit C: Certified Docket Sheet in *State v. Smith*, Rhode Island Supreme Court, SU-2018-0064-CA. Smith filed the instant Complaint on January 17, 2018 and instructed the U.S. Marshals Service to serve it on Magistrate Goulart at "his place of employment," the "RI Traffic Tribunal."  Doc. 6 at pg. 3; Doc. 7 at pg. 2.  United States Marshal DaSilva served the Complaint on May 2, 2018, not upon Magistrate Goulart but upon an individual named "Dennis Gerstmeyer."  Doc. 7 at pp. 1, 2.

## III.    STANDARD OF REVIEW

### A.  Failure to State a Claim Upon Which Relief Can Be Granted

To survive a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The court must accept a plaintiff's allegations as true and construe them in the light most favorable to him.  *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009). "'[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted . . . .'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n.3 (1st Cir. 2009) (quoting Charles Alan Wright & Arthur R. Miller, 6 Federal Practice & Procedure § 1203).  "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  "[I]it is the plaintiff's

---

[2] Plaintiff also filed an appeal on November 17, 2017, before the Court entered a judgment of conviction and commitment.

burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).

When a plaintiff proceeds *pro se*, federal courts hold a complaint to a less stringent standard than if any attorney had drafted it. *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008). A *pro se* complaint is thus "read liberally." *Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir. 1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Regardless, a court's "duty to be 'less stringent' with *pro se* complaints does not require [the Court] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (quoting *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979). Moreover, a court does not need to credit bald assertions or unverifiable conclusions as true. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). In sum, a plaintiff's *pro se* status does not excuse him from complying with procedural rules. *Instituto de ducacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 24 n. 4 (1st Cir. 2000); *see also Eagle Eye Fishing Corp. v. Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir.1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure).

## B. <u>Lack of Subject-Matter Jurisdiction</u>

"As courts of limited jurisdiction, federal courts must resolve questions related to their subject-matter jurisdiction before addressing the merits of a case." *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Destek Grp. v. State of N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003)). Seeking dismissal under 12(b)(1) is the appropriate mechanism for challenging a court's subject-matter jurisdiction. *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001)). The party asserting jurisdiction has the burden of demonstrating the Court's jurisdiction. *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d

255, 257 (D.P.R. 2016) (*citing Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).  If it at any time the Court determines that it lacks the power to adjudicate the case, it must dismiss the action. *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

"A motion to dismiss brought under Rule 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6)." *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Boada v. Autoridad de Carreteras y Transportación*, 680 F.Supp.2d 382, 384 (D.P.R. 2010); *Negrón–Gaztambide v. Hernández–Torres*, 35 F.3d 25, 27 (1st Cir. 1994).  The Court's analysis, however, "is not necessarily limited to the parties' pleadings, and may include whatever evidence has been presented in the case." *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).  Rule 12(b)(1) "serves as a 'large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction.'" *Fed. Deposit Ins. Corp. v. Caban-Muniz*, 216 F. Supp. 3d 255, 257 (D.P.R. 2016) (citing *Valentín*, 254 F.3d at 362–63).

## C. <u>Insufficient Service of Process</u>

When a defendant challenges the sufficiency of process under Rule 12(b)(5), plaintiff has "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992) (citing *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n. 2 (1st Cir.1986*); Aetna Business Credit, Inc. v. Universal Decor & Exterior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981)).  While a return of service is generally accepted as *prima facie* evidence that service was validly performed, a defendant can provide other evidence to attempt to refute any

presumption of valid service. *See Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008)).

## III.   ARGUMENT

### A.   The Court Should Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Should be Granted

#### a.   The Plaintiff Brought His Claim Outside the Statute of Limitations

Plaintiff Smith alleges that Magistrate Goulart's signing of the search warrant on October 16, 2014 violated his due process rights under the Fifth and Fourteenth Amendments, and his Fourth Amendment Right to be free from unreasonable searches and seizures.  Doc. 1 at ¶ 2. While not expressly referenced in the Complaint, Plaintiff's claims sound in 42 U.S.C. § 1983. Claims under this section must be brought within three years after the cause of action has accrued, in accordance with Rhode Island's personal injury statute of limitations.  *See Owens v. Okure*, 488 U.S. 235, 235, 109 S. Ct. 573, 574, 102 L. Ed. 2d 594 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254); R.I. Gen. Laws § 9-1-14(b).  A similar three (3) year statute of limitations applies to torts alleged against the State and State employees in their official capacities.  *See* R.I. Gen. Laws §§9-1-25 and 9-31-1.

While the applicable statute of limitations for a § 1983 cause of action is determined by reference to state law, the accrual date of such an action is a federal law question.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The facts in the Supreme Court case *Wallace v. Kato* are analogous to those in the instant action.  In *Wallace*, the petitioner brought a § 1983 suit against the city of Chicago and several police officers, seeking damages for his unlawful arrest in violation of the Fourth Amendment.  549 U.S. at 384.  The Supreme Court held that his claim was time barred, as the statute of limitations on the petitioner's claim commenced when he appeared before the examining magistrate and was bound over for trial, rather than when he was

later released from custody. *Id.* at 391. The petitioner "could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date." *Id.* at 388. Moreover, "even assuming…that all damages…pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the commencement date for the statute of limitations." *See Id.* at 391.

In the matter at bar, Smith alleges that Magistrate Goulart issued the search warrant, in violation of the Fourth Amendment, on October 16, 2014. Doc. 1, ¶¶ 2-3. Thus, Smith's cause of action began to run on this date, as this was the initial date of his alleged damages. *See Wallace*, 549 U.S. at 391. Smith filed suit against the Defendant more than three years later on January 17, 2018. Doc. 1. As this was outside the statute of limitations, this Honorable Court should dismiss Smith's Complaint as time barred.

### b.  **"Impersonating a Judge" is Not a Cognizable Claim**

Smith states that he is "bringing forth claim and action upon American Citizen Mr. Alan R. Goulart for 'impersonating a judge' in the RI District Court." Doc.1 at ¶ 2. He accuses Magistrate Goulart of "Federal Felony law violations of Jurisdiction and false impersonation of a judge…with his signing himself as a judge on a search warrant and as designating himself a judge on assignment, to the RI Kent County District Court." *Id.* He goes on to request relief "in the form of a jury rendering a decision as to whether or not Mr. Alan R. Goulart had legal JUDICIAL JURISDICTION on October 16th, 2014, to violate this Plaintiff's right to the United States Constitution, by 'Impersonating a District Court Judge' and his issuing and signing of ILLEGAL SEARCH WARRANTS." *Id.* at ¶ 3.

To support his claim, Smith cites criminal code 18 U.S.C. § 913, "Impersonator making arrest or search." *Id.*; Doc. 1 Ex. 3-(3); Doc. 1 at pg. 10: Letter from Plaintiff Smith to Chief Justice William E. Smith and Justice John J. McConnell, Jr.  This is a federal criminal statute, however, and does not present a device for a civil cause of action.  Further, the statute pertains to "whoever falsely represents himself to be an officer, agent, or employee of the United States." There is no allegation in the Complaint that Magistrate Goulart represented himself as an officer, agent or employee of the United States.  Rather, Smith asserts that Magistrate Goulart unlawfully assumed the office and duties of a State of Rhode Island *District Court Judge*.  Doc. 1 at ¶¶ 2-3, 7 (emphasis added).  Magistrate Goulart was vested with the authority to preside over cases before the State district court and possessed the authority to sign the search warrant for Smith's residence and person.  Smith has failed to allege a valid claim, and his Complaint should be dismissed on that basis.

### c.   <u>Magistrate Goulart possessed the Authority to Issue the Search Warrant</u>

Although the Complaint is rife with legal assertions and conclusive statements, Smith alleges few facts to support his claims.  All of Smith's allegations, however, emanate from his assertion that Magistrate Goulart, as a Magistrate of the R.I. Traffic Tribunal could not serve on the District Court and did not possess the authority or jurisdiction to issue the search warrant on October 16, 2014.  Doc. 1 at ¶¶ 2-3, 7.

Magistrate Goulart did possess the authority to issue the search warrant at issue.  As Smith acknowledges, state statute provides the Chief Justice of the Rhode Island Supreme Court with the power to appoint magistrates of the Rhode Island Traffic Tribunal, such as Magistrate Goulart, to the District Court.  R.I. Gen. Laws § 8-15-3.1 ("The Chief justice of the supreme court has the power to assign any magistrate of the…traffic tribunal to any court or tribunal of

the unified judicial system with the consent of the presiding justice, chief judge, and/or chief magistrate of the relevant courts.").   Indeed, Chief Justice Suttell signed and issued an administrative order assigning "the Honorable Alan Goulart, Magistrate of the Rhode Island Traffic Tribunal, to the District Court for the period of October 6, 2014 through October 17, 2014, so that he may sit on the District Court calendar."   *See* Exhibit A: Assignment of Rhode Island Supreme Court Chief Justice Paul A. Suttell.   This assignment vested Defendant Magistrate Goulart "with all the powers belonging to the magistrates of the court to which he or she is specially assigned." R.I. Gen. Laws § 8-15-3.1.   In Rhode Island, District Court Magistrates may issue search warrants. R.I. Gen. Laws § 8-8-16.2(b)(10).

Smith cites R.I. Gen. Laws § 8-8.2-1, arguing that this statute removes Magistrate Goulart from the Chief Justice's ambit.   Smith's attempts to invoke § 8-8.2-1(e) are unavailing. A close reading of § 8-8.2-1 reveals the history and constitution of the Traffic Tribunal, which was organized in 1999 from the prior Administrative Adjudication Court (AAC).   The AAC employed judges to hear and decide controversies.   Upon conversion of the AAC to the Traffic Tribunal, those AAC judges maintained their judicial status, but as they retired or separated from service, were to be replaced by magistrates appointed by the Chief Justice.   *See* R.I. Gen. Laws § 8-8.2-1(c).  This history is important in understanding the provision in issue here because a plain reading of the statute reveals that the assignment provisions of §§ 8-15-13 and 13.1 are not meant to "apply to *judges* of the traffic tribunal."   R.I. Gen. Laws § 8-8.2-1(e) (emphasis added). Therefore, while traffic tribunal judges may not be assigned to different courts within the unified judicial system, magistrates *are* eligible for such assignments.   Smith acknowledges that Defendant Goulart was, at all relevant times, a *magistrate*, not a judge, with the R.I. Traffic Tribunal.  Doc. 1 at ¶ 2.

**d.   <u>The Doctrine of Judicial Immunity Bars This Suit</u>**

The doctrine of judicial immunity is well established as a shield to protect judges from civil suits for damages resulting from actions taken in their judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (noting that it is axiomatic that judges are absolutely immune from civil suits for their judicial acts); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same); *Fariello v. Campbell*, 860 F.Supp.54 (E.D.N.Y. 1994) (same).  The United States Supreme Court has recognized the policy underlying judicial immunity:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Court has long recognized the importance and breadth of this protection.[3]   Judicial immunity applies even when the action taken was in error, was done maliciously, or was in excess of his authority.  *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (citing 13 Wall., at 351).   A judge is also absolutely immune from liability for his judicial acts even if he commits grave procedural errors. *Stump*, 435 U.S. at 359, 98 S. Ct. at 1106.

Smith claims that Magistrate Goulart "does not have any legal rights to JUDICIAL IMMUNITY, as he is granted only while performing his profession as a RI Traffic Tribunal

---

[3] "As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978) (quoting *Bradley v. Fisher,* 13 Wall.335, 347 (1871).

Magistrate…Legal Immunity does not apply to 'JUDGE IMPERSONATORS' and wanton negligent violators of United States Code (USC) Federal Law."   Doc. 1 at ¶ 2.   A party's disagreement with a judge's action, however, does not justify depriving that judge of his immunity.   *Stump*, 435 U.S. at 363, 98 S. Ct. at 1108.   Moreover, "[d]espite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"   *Id.* at 363–64 (quoting *Bradley*, 13 Wall. at 347).

Judicial immunity is overcome in only two circumstances.   *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).   The first of these is when a judge engages in "nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity."   *Id.* (citing *Forrester v. White,* 484 U.S. 219, 227-229 (1988); *Stump,* 435 U.S. at 360).   The Supreme Court has held that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."   *Stump*, 435 U.S. at 362.   Put another way, judicial actions are those that are "intimately associated" with the judicial function. *Nystedt v. Nigro*, 700 F.3d 25, 31 (1st Cir. 2012) (quoting *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)).

Despite Smith's claims to the contrary, judicial immunity shields Magistrate Goulart's actions from suit.   "The doctrine necessarily protects the authorized performance of 'paradigmatic judicial acts'-acts which entail discretionary decision making in resolving disputes or adjudicating private rights."   *Harper v. Begley*, 37 F.3d at 1 (citing *Forrester*, 484 U.S. at

227).  It is firmly established that issuing a search warrant constitutes a judicial act.  *Burns v. Reed*, 500 U.S. 478, 479, 111 S. Ct. 1934, 1935–36, 114 L. Ed. 2d 547 (1991) ("the issuance of a warrant is unquestionably a judicial act.); *see also Harper*, 37 F.3d at 1.  He issued the search warrant in his role as a Magistrate on the District Court.  *See* Doc. 1 Ex. 6.  There are no facts or bases to support Smith's claim that Magistrate Goulart engaged in any nonjudicial actions.  *See id.*, generally.

A judge also loses his immunity for actions taken in complete absence of all jurisdiction, even if the actions are judicial in nature.  *Id.* at 12 (citing *Stump*, 435 U.S. at 356-57, 98 S.Ct., at 1104-05; *Bradley*, 13 Wall. at 351).  The scope of a judge's jurisdiction, however, "must be construed broadly where the issue is the immunity of the judge."  *Stump*, 435 U.S. at 356, 98 S.Ct., at 1105.  Smith conclusively asserts that Magistrate Goulart is "without any legal authority or jurisdiction to execute search warrants upon another American Citizen."  Doc. 1 at ¶ 2.  As discussed *supra*, Magistrate Goulart possessed the necessary jurisdiction to sit on the District Court, and the authority to issue search warrants.

Moreover, it is worth noting that "one of the primary purposes of judicial immunity is to 'establish appellate procedures as the standard system for correcting judicial error.'"  *Nystedt*, 700 F.3d at 31 (quoting *Forrester,* 484 U.S. at 225).  Smith filed an appeal of his conviction, in which he references the search warrant at issue, and it is thus appropriate for the Court to allow the state courts to adjudicate its validity.  *State v. Smith*, Rhode Island Supreme Court, SU-2018-0064-CA.

**e.   The Doctrine of Quasi-Judicial Immunity Bars this Suit**

Even if Magistrate Goulart does not enjoy judicial immunity, Plaintiff's claims are barred by the doctrine of quasi-judicial immunity.  This doctrine "provides absolute immunity for those

who perform tasks that are inextricably intertwined with the judicial function." *Nystedt*, 700 F.3d at 30 (1st Cir. 2012) (citing *Cleavinger v. Saxner,* 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); *Coggeshall v. Mass. Bd. of Regis. of Psychologists,* 604 F.3d 658, 662–63 (1st Cir.2010); *LaLonde v. Eissner,* 405 Mass. 207, 539 N.E.2d 538, 540–41 (1989)). It "is rooted in the wise idea that those who perform adjudicative functions 'require a full exemption from liability.'" *Nystedt*, 700 F.3d at 30 (quoting *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)).[4] In other words, "[a]bsolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Cleavinger*, 474 U.S. at 201 (quoting *Butz*, 438 U.S. at 511).

The facts of the instant case are similar to those in *Harper v. Begley*. In that case, the plaintiff brought a § 1983 claim against an assistant clerk-magistrate of the Cambridge, Massachusetts District Court for allegedly violating the constitution by issuing a search warrant. *Harper*, 37 F.3d at 1. The U.S. Court of Appeals for the First Circuit upheld the dismissal of the complaint on the ground that the clerk-magistrate was entitled to absolute judicial immunity. *Harper*, 37 F.3d at 1-2. The Court ruled that absolute immunity extended to court officials other than judges, the clerk magistrate was not entirely without jurisdiction, and he engaged in a "core judicial function." *Id.*

As a magistrate assigned to sit on the district court, Magistrate Goulart performed adjudicative functions, including signing search warrants. He exercised the "functions of a Magistrate of the District Court in conformity with and to the extent provided in [section 8-15-3.1], as such function may be assigned by the Chief Judge." *See* Exhibit A. Under Rhode Island law, district court judges may issue search warrants. R.I. Gen. Laws § 12-5-1. Magistrate

---

[4] The same exceptions to judicial immunity apply to quasi-judicial immunity. *Nystedt*, 700 F.3d at 31. As discussed *supra*, neither exception applies to the case at bar.

Goulart was, therefore, "functionally indistinguishable" from a state district court Judge. *See Nystedt*, 700 F.3d at 31 (quoting *AccuSoft Corp. v. Palo*, 237 F.3d 31, 58 (1st Cir.2001)). Therefore, Defendant Magistrate Goulart is entitled to the same immunity. *See Nystedt*, 700 F.3d at 31 ("It follows inexorably, as night follows day, that court-appointed discovery masters, acting in that capacity, share a judge's immunity from suit.").

### f.  Plaintiff Is Unable to Recover Money Damages

Magistrate Goulart contends that the Complaint must be dismissed because a civil suit cannot be maintained on the facts of this case.  For a claimant to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The United States Supreme Court had the opportunity to address this issue when an inmate brought a civil action alleging that the prosecutors and police investigator violated his constitutional rights by engaging in unlawful acts that had led to his arrest and conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994).  The Supreme Court held:

> "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

*Id.* at 486-487.

A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.[5]  *Id.*  Here, Smith has not shown that his conviction or sentence has been so invalidated, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question.  In fact, the Rhode Island Supreme Court denied Smith's petition for writ of certiorari.  Doc. 1 at pg. 30.  Therefore, this Complaint should be dismissed pursuant to the Court's ruling in *Heck*.

### B.  The Court Lacks Subject-matter Jurisdiction to Hear Plaintiff's Claim

### a.  This Court Lacks Jurisdiction Under the Rooker-Feldman Doctrine

This Court lacks the requisite subject-matter jurisdiction to hear Smith's claim, pursuant to the *Rooker-Feldman* doctrine, and should dismiss the Complaint on that basis.  This doctrine, "which is derived from two U.S. Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), prevents 'lower federal courts ... from exercising appellate jurisdiction over final state-court judgments.'"  *McKenna v. Curtin*, 869 F.3d 44, 47 (1st Cir. 2017) (quoting *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006)).  The doctrine only applies "in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  *McKenna*, 869 F.3d at 47–48 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

---

[5] Although it is not clear from the reading of Smith's Complaint what his legal theory for recovery of damages is, it is Magistrate Goulart's position that the analysis used in *Heck v. Humphrey*, 512 U.S. 477 (1994) would apply.

The case *McKenna v. Curtin* is instructive.   In *McKenna*, the U.S. Court of Appeals for the First Circuit reviewed the dismissal of a § 1983 action brought by a lawyer against twenty-three judicial officers and administrators, in their personal capacities, who had participated in disciplinary proceedings that resulted in the suspension of the lawyer's law license.   869 F.3d at 45.   The *McKenna* Court upheld the dismissal, holding "[b]ecause McKenna (1) complains of a personal injury arising from the Rhode Island Supreme Court's suspension order, and (2) asks the district court to countermand that order, his suit is precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids. *Id.* at 48, citing *Badillo-Santiago v. Naveira-Merly*, 378 F.3d 1, 6 (1st Cir. 2004).

Here, Smith was the losing party in state court.   *See* Exhibit B: Judgment of Conviction and Commitment.   He was convicted of one count of possession of child pornography on November 9, 2017, a final state court judgment.   *Id.*   Smith filed suit in federal court after the state Superior Court proceedings ended, complaining of an injury caused by the state-court judgement and is, essentially, seeking review and rejection of that judgement.   Doc. 1 at ¶¶ 3, 8-9, 12.   Smith claims that Magistrate Goulart, without jurisdiction or authority, signed a search warrant which violated his constitutional rights and ultimately resulted in his conviction.   *Id.* at ¶¶ 2-3, 7.   Smith further asserts that he is "being legally framed, persecuted and prosecuted by the State of RI Superior Court Judiciary, due to the discovery of Mr. Alan R. Goulart's illegal, State and Federal actions…".   *Id.* at ¶ 6.   Indeed, Smith seeks relief in the form of monetary damages, and "a jury rendering a decision as to whether or not Mr. Alan R. Goulart had legal JUDICIAL JURISDICTION on October 16th, 2014, to violate this Plaintiff's right to the United States Constitution, by 'Impersonating a District Court Judge' and his issuing and signing of ILLEGAL SEARCH WARRANTS."   *Id.* at ¶¶ 3-4.   Similar to the suit at issue in *McKenna*,

Smith's suit is the "functional equivalent of an appeal" that the *Rooker-Feldman* doctrine forbids. *See* 869 F.3d at 48 (quoting *Badillo-Santiago*, 378 F.3d at 6).

Moreover, similar to the Plaintiff in *McKenna*, Plaintiff Smith makes "bald assertions" that Defendant Goulart was not a District Court judge, and did not possess the authority to issue a search warrant against him. *See* 869 F.3d at 48; Doc. 1 at ¶¶ 2-3, 7, 9. These claims "are insufficient to raise a facial challenge," as the allegations concern the constitutionality and legality of the rules "*as applied to him.*" 869 F.3d at 48; Doc. 1, generally. Thus, in order to adjudicate Smith's claims regarding Magistrate Goulart's authority to sign search warrants, this Court would be required to review the merits of the state court's decision. *See McKenna*, 869 F.3d at 48. Such review would require this Court to exercise appellate jurisdiction over a final state-court judgment, and thus violate the *Rooker-Feldman* doctrine. *See Id.*

### b.  <u>This Court Lacks Jurisdiction Under the Eleventh Amendment</u>

Under the Eleventh Amendment to the United States Constitution, the states enjoy sovereign immunity from suits brought against them for money damages in Federal Court. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). This issue is jurisdictional in nature and involves avoiding "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Seminole Tribe of Florida v. Florida*, 517 U.S. 58 (1996); *see also Edelman v. Jordan*, 415 U.S. 651, 678 (1974)("the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar"). Moreover, "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." *Seminole Tribe*, 517 U.S. at 58. Here, Magistrate Goulart, as a magistrate of the Rhode Island Traffic Tribunal, acts as an arm of the state, and accordingly, this Court must determine whether Plaintiff's claims are barred by the Eleventh Amendment.

In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989), the Supreme Court

stated as follows:

> Section 1983 provides a federal forum to remedy many
> deprivations of civil liberties, but it does not provide a federal
> forum for litigants who seek a remedy against a State for alleged
> deprivations of civil liberties. The Eleventh Amendment bars such
> suits unless the State has waived its immunity, Welch v. Texas
> Dept. of Highways and Public Transportation, 483 U.S. 468, 472–
> 473, 107 S.Ct. 2941, 2945–2946, 97 L.Ed.2d 389 (1987) (*plurality
> opinion*), or unless Congress has exercised its undoubted power
> under § 5 of the Fourteenth Amendment to override that immunity.
> That Congress, in passing § 1983, had no intention to disturb the
> States' Eleventh Amendment immunity and so to alter the federal–
> state balance in that respect was made clear in our decision in
> Quern. Given that a principal purpose behind the enactment of §
> 1983 was to provide a federal forum for civil rights claims, and
> that Congress did not provide such a federal forum for civil rights
> claims against States . . . .

Furthermore, Smith cannot maintain a § 1983 action against a state official in his official

capacity as a matter of law.  *See Will*, 491 U.S. at 66-71.  The *Will* Court held that while "state

officials literally are persons . . . a suit against a state official in his or her official capacity is not

a suit against the official but rather is a suit against the official's office.  *See id.* at 71 (citing

*Brandon v. Holt,* 469 U.S. 464, 471 (1985)).  Thus "it is no different from a suit against the State

itself."  *See id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 165–166 (1985); *Monell v. Dep't of

Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)).

In addition to common law immunity, the federal statute that provides the basis for

Smith's Complaint clearly bars suits against "judicial officers."  *See* 42 U.S.C. § 1983.   Section

1983 provides in pertinent part:

> [e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, <u>except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable</u>. (Emphasis added). 42 U.S.C. § 1983.

In the instant action, Plaintiff sues Magistrate Goulart, and seeks judgment against him for $2,000,000.00.  Doc. 1 at ¶ 4.  Smith claims that he is bringing suit "upon American Citizen Mr. Alan R. Goulart" and that "[t]he separate professional work entity, of whom is known as RI Traffic Tribunal Magistrate Alan R. Goulart, is not a Defendant to this Federal United States District Court legal action."  *Id.* at ¶ 2.  As stated *supra*, however, Smith served the Complaint at Magistrate Goulart's place of business, listing "R.I. Traffic Tribunal" next to his name.  Doc. 7 at 1.  Further, Smith's allegations concern Magistrate Goulart's official actions as a Magistrate appointed to the R.I. District Court.  *See* Doc. 1, generally.  Since, by its very terms, section 1983 cannot be used as a vehicle to bring federal claims against judges acting in their official capacity, any claim against Magistrate Goulart fails as a matter of law.  For these reasons, the Complaint should be dismissed.

### c.  <u>Plaintiff Lacks Standing to Prosecute Federal Criminal Offenses</u>

Smith alleges in his Complaint that Magistrate Goulart violated "Federal Law." Specifically, the Complaint alleges violations of 18 U.S.C. § 912 (Officer or employee of the United States); 18 U.S.C. § 2234 (Authority exceeded in executing a warrant); 18 U.S.C. § 913 (Impersonator making arrest or search); 18 U.S.C. 1623 (False Declarations before grand jury or court); and 18 U.S.C. § 1621 (Perjury generally).  *See* Doc. 1 at ¶ 2.  These are all criminal offense sections of the United States Code.

A private citizen, however, generally has no authority to initiate a federal criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) (citing *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964)).  Additionally, 18 U.S.C. § 1623 (False Declarations before grand jury or court), refers to criminal cases that are in the federal court.  *See* 18 U.S.C. § 1623.  Moreover, Smith does not allege that Magistrate Goulart was an "officer, agent or employee of the United States," or an "officer or employee acting under the authority of the United States, or any department, agency or officer thereof."  18 U.S.C. § 913; 18 U.S.C. § 912.

Smith's reliance on these sections is misplaced.  Thus, any relief sought by Smith pursuant to these statutes must fail and the Complaint should be dismissed.

### C. The Court Should Dismiss Plaintiff's Complaint for Insufficient Service of Process

Although Plaintiff's *pro se* Complaint is held to a less stringent standard than one drafted by a lawyer, his *pro se* status does not excuse him from complying with the Court's procedural rules.  *Reyes v. Providence Police Dep't*, No. CV 16-221S, 2016 WL 5724808, *2 (D.R.I. Aug. 1, 2016), *report and recommendation adopted,* No. CV 16-221 S, 2016 WL 5716288 (D.R.I. Oct. 3, 2016) (citing *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 n.4 (1st Cir. 2000)).

Rule 4(e)(2) of the Federal Rules permits a plaintiff to effect service by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(a-c).  Plaintiff is also permitted to serve the Defendant in accordance with Rhode Island state law. Fed. R. Civ. P. 4(e)(1).  The Rhode Island Rules of Civil Procedure designate the Attorney General, or an

Assistant Attorney General, as the agents for service of process upon the State.  Super. R. Civ. P. Rule 4(e)(4).

Smith instructed the U.S. Marshals Service to serve "Alan R. Goulart R.I. Traffic Tribunal," writing "Marshal please serve to Alan R. Goulart at his place of employment, 670 New London Turnpike, Cranston, RI 02920 Between Hours of 8:00 AM to 2:00 PM."  Doc. 7 at 1.  U.S. Marshal Dusmelden DaSilva served an individual named "Dennis Gerstmeyer" on May 2, 2018.  *Id.* at 1-2.

Even if, as Smith claims, his suit is considered against Magistrate Goulart in his individual capacity, his Complaint suffers from insufficient service of process. The Rhode Island Rules of Civil Procedure require service:

> Upon an individual from whom a waiver has not been obtained and filed, other than an incompetent person, by delivering a copy of the summons, and complaint, Language Assistance Notice, and all other required documents to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, and complaint, Language Assistance Notice, and all other required documents to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given.  Super. R. Civ. P. Rule 4(e)(1).

Smith did not serve Defendant Magistrate Goulart personally, at his dwelling house or usual place of abode, or through his agent.  Therefore, Plaintiff's Complaint should be dismissed for insufficient of service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5).

## IV.    **CONCLUSION**

Based on the foregoing, Defendant RITT Magistrate Alan Goulart respectfully requests that this Honorable Court grant his Motion to Dismiss the Plaintiff's Complaint.

Respectfully submitted,

DEFENDANT,
RITT Magistrate Alan R. Goulart

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Brenda D. Baum*
_____

Brenda D. Baum #5184
Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI  02903
Tel: (401) 274-4400 ext. 2294
Fax: (401) 222-2995
bbaum@riag.ri.gov

## **CERTIFICATION**

I hereby certify that on this 27th day of June 2018, the within document was electronically filed via the ECF system and it is available for viewing and downloading.  I also hereby certify that I mailed via U.S. regular mail to:

Andrew J. Smith ID# 152162
Medium Security BR-5B
P.O. Box 8274
Cranston, RI 02920

*/s/ Colleen Cole*
_____